**BEELER v. SCHUMACHER, Sheriff.**

**WILLIS v. BEELER.**

**In re LONG & ALLSTATTER CO.**
Nos. 6705, 6723.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1934.

Brandon R. Millikin, of Hamilton, Ohio, and Province M. Pogue, of Cincinnati, Ohio (Henry B. Street, Robert Houston French, and Harmon, Colston, Goldsmith & Hoadly, all of Cincinnati, Ohio, Williams, Sohngen, Fitton & Pierce, of Hamilton, Ohio, and Pogue, Hoffheimer & Pogue, of Cincinnati, Ohio, on the brief), for R. K. Beeler.

John W. Peck and Coleman Avery, both of Cincinnati, Ohio (Paul A. Baden, of Hamilton, Ohio, and Peck, Shaffer & Williams, of Cincinnati, Ohio, on the brief), for Schumacher and Willis.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The meritorious question involved in both causes is whether a levy upon real and personal property by the sheriff of one Ohio county under a judgment of the court of another county results in the custody of the property being acquired by the court rendering the judgment, and therefore immune to process of the bankruptcy court in proceedings begun more than four months after the entry of the judgment and the making of the execution levy. Before this can be decided, however, a number of jurisdictional questions must be determined.

A. Hunter Willis on June 10, 1932, obtained a judgment against the bankrupt in the court of common pleas of Hamilton county, Ohio. The bankruptcy adjudication followed on April 4, 1933. Meanwhile, and more than four months prior to adjudication, the judgment creditor obtained a writ of execution from the Hamilton county court, directed

to the sheriff of Butler county, who contemporaneously levied on both the personal property and the real estate of the bankrupt. The judgment creditor appeared specially in the bankruptcy proceedings, and moved that the trustee therein either pay the judgment with interest and costs or disclaim all right, ownership, and control of the property levied upon. The referee to whom the motion was referred entered an order granting it with respect to the personal property, but denying it with respect to the real estate. Willis petitioned the District Judge to review the referee's order, but, so far as we are advised by the record, no disposition has been made of his petition to review. Subsequently, upon motion of the trustee, a temporary injunction was issued in the bankruptcy proceedings, restraining the sheriff from selling the property in Butler county. From this interlocutory decree appeal 6723 is taken.

The trustee, being advised by one of the judges of the District Court that there was doubt as to whether the rights of the judgment creditor could be determined in a summary proceeding since 'he was an adverse claimant, began a plenary action on the equity side of the District Court, presumably to determine the respective rights to the property of judgment creditor and trustee, and seeking a temporary and permanent injunction likewise to restrain the sale of the Butler county property by the sheriff of that county. The District Court in the latter proceeding denied the injunction and dismissed the suit. While no opinion was filed, it is asserted, and not denied, that the ground for dismissal was the absence of diversity of citizenship. From the order in the plenary proceeding appeal 6705 is taken by the trustee.

[1] The power of the court to adjudicate rights of adverse claimants without their consent in summary proceedings was fully considered in Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 469, 70 L. Ed. 897. By the opinion there it is made clear that no jurisdiction for that purpose exists if the adverse claim is real and substantial, and not merely colorable, but resort must be had by the trustee to a plenary suit. The precedents are there fully cited, and require no restatement here.

The judgment creditor's adverse claim in the instant suit depends upon the validity of the levy under Ohio law. Section 11664, General Code, provides in substance that a writ of execution against the property of a judgment debtor shall command the officer to seize the goods and chattels of the debtor, and, for want of goods and chattels, to sell his lands and tenements for cash. Section 11666 provides as follows: "The officer to whom a writ of execution is delivered shall proceed immediately to levy it upon the goods and chattels of the debtor. If no goods and chattels can be found, the officer shall indorse on the execution the words 'no goods,' and forthwith levy it upon the lands and tenements of the debtor which are liable to satisfy the judgment."

Section 11656 subjects all property of a judgment debtor in the county in which the judgment is obtained to a lien, but as to all other lands and chattels the debtor is bound only from the time they are seized upon execution.

In the instant case the sheriff levied simultaneously upon all of the personal property and real estate in Butler county. It is the trustee's contention that the levy is invalid, and that the property was therefore not within the custody of the Hamilton county court. In addition, there is the contention, and, if valid, it must be based upon appropriate findings of fact, that there were no proceedings pending in the common pleas court of Hamilton county for the sale of the real estate at the time of the filing of the bankruptcy petition, and that, in order to institute such sale, it is necessary to execute a præcipe for a writ of venditioni exponas, or order of sale. It is contended that all such writs covering the real estate in question expired before the bankruptcy proceedings were begun. There is also a question, in view of the fact that the property was incumbered by mortgages, as to whether the proper method of securing execution of a judgemnt was by a creditor's bill. All of these contentions are controverted by the judgment creditor, and raise issues of fact and law not so far determined. It is true that, on the judgment creditor's motion for disclaimer, certain facts were found by the referee, and conclusions of law announced, but the report of the referee, so far as we are advised, is still in suspense in the District Court. The validity of the trustee's claim and of that made adversely depending upon disputed facts as well as controverted issues of law, their determination involves "fair doubt and reasonable room for controversy." Harrison v. Chamberlin, supra. The adverse claim is therefore substantial, and not merely colorable, and its merits can only be adjudged in a plenary suit. It follows, therefore, that the court had no jurisdiction to issue the temporary injunction in 6723, and the order appealed from there-

in is reversed. There are, perhaps, other grounds for such reversal, not requiring consideration.

In 6705 there was manifestly an attempt to present to the court the issues as to the rights of the respective parties to the property in Butler county in a plenary suit begun in equity. The plaintiff's pleading therein, denominated an application, leaves much to be desired if we are to interpret it as a bill in equity, both in its statement of grounds for relief and in the kind of relief prayed for. In view, however, of the great liberality provided by the equity rules in respect to amendments, in view of the fact that both litigants fully understood the purpose of the proceeding, and no objection being made as to the sufficiency of the pleading to state a cause of action, we are content to consider it as a plenary action in equity to determine the right of control as between the state court and the bankruptcy court, especially in view of the answer therein consenting to jurisdiction and asking that the issues be decided in the case.

We come then to the question of jurisdiction in 6705, and whether the trustee can maintain his action in the District Court against the sheriff of Butler county, both of them being residents of the state of Ohio. This involves consideration of section 23b of the Bankruptcy Act, as amended by the Act of May 27, 1926, § 8, being section 46 (b), title 11 USCA, which provides: "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property," etc.

The meaning of this section was very thoroughly discussed by Judge Denison in Toledo Fence & Post Company v. Lyons (C. C. A.) 290 F. 637, at page 644. It was in that case the view of a majority of the court that except for this section the federal court would have jurisdiction of all suits by a trustee to recover debts due the bankrupt, as being suits arising under the laws of the United States. Section 23 puts a limitation upon that power, but there is an exception to the limitation. The exception relates to suits against parties who voluntarily appear and submit their rights to the court in a plenary suit by the trustee. It was thought by the court that it would be unfortunate if such submission were held to be ineffective to permit defendants to voluntarily appear and submit their rights in the endeavor common to them and the trustee to get a speedy decision of all questions by one court.

This is not to say, of course, that jurisdiction may be conferred upon federal courts by consent, either in respect to causes which fall without the constitutional grant of power or in respect to those which, being within such grant, fall without that field of constitutional judicial power which Congress has seen fit to occupy and confer upon the federal courts. The consent here involved is that which operates to except certain cases from the restriction imposed by Congress in the above section to the general jurisdiction which the federal courts have of cases arising under the laws of the United States.

We come then to the question of consent in the instant case. When the trustee first filed his plenary suit, the defendant sheriff moved to dissolve the restraining order and to dismiss the suit on the ground, among others, that the court was without jurisdiction to entertain it. Eleven days later, however, the sheriff filed an answer whereby he expressly withdrew the motion to dissolve the temporary restraining order and the motion to dismiss the suit, entered his general appearance, and consented that the court might hear and determine all matters referred to in the petition therein. The very next day the sheriff asked leave to withdraw the answer. What disposition was made of the last motion the record does not disclose. It is to be assumed, however, that it was not pressed, since nothing was done until a month later, when upon a second motion to dissolve and dismiss the order now appealed from was entered. We cannot doubt that under these circumstances, and under familiar rules, there was that consent to the jurisdiction of the court which operates as an exception to the limitation imposed by section 23, as interpreted in the Toledo Fence & Post Case. Certainly there was deliberation rather than inadvertence in the filing of the answer, evidenced by the specific withdrawal of the first motion to dismiss, the entry of a general appearance, and the express submission of all controversy to disposition by the court.

The case not having been heard upon its merits, and the record presenting no findings of fact or conclusions of law, as required by the equity rules, it is manifest that, though in equity, it cannot be here determined. In re Meifert, 57 F.(2d) 861 (C. C. A. 6). Such findings as were made by the referee, and such legal conclusions as were announced by him

834

in his very able and exhaustive report, were upon a motion other than that which led to the assailed order, and, so far as we are advised, they have never had the consideration of the District Judge. It follows that in 6705 the cause must be reversed and remanded to the District Court, with instructions to set aside the order of dismissal, hear the controversy upon its merits, make appropriate findings of fact and conclusions of law, and enter such decrees, interlocutory or final, as equity may require. Such amendments to the pleadings as may more clearly define the issues, and the general as well as the special relief prayed, may properly be submitted to the discretion of the District Judge.

The order in each case is set aside.