## In re CADILLAC BREWING CO.

**BAITINGER et al. v. ADLER CONTRACTING CO. et al.**

No. 7784.

Circuit Court of Appeals, Sixth Circuit.
March 17, 1939.

Nathan N. Kaplan, of Detroit, Mich. (Finkelston, Lovejoy & Kaplan and Benjamin W. Grant, all of Detroit, Mich., on the brief), for appellants.

Arthur J. Hass, of Detroit, Mich. (Arthur J. Hass and Miller, Bevan, Horwitz & DesRoches, all of Detroit, Mich., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

A court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy over property held adversely to the bankrupt estate unless the adverse claimant consents or the claim be merely colorable, and a claim is not to be held merely colorable unless a preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color or merit and a mere pretense. Harrison, Trustee v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Beeler v. Schumacher, 6 Cir., 71 F.2d 831, affirmed Schumacher v. Beeler, 293 U.S. 367, 55 S. Ct. 230, 79 L.Ed. 433.

After adjudication of the bankrupt in the court below, the trustee filed a petition requesting a clearing of title to real estate. The petition recited that certain lands therein described were assets of the bankrupt estate, that the appellants were asserting a claim thereto by suit in the State court, and that the referee, pursuant to an order to show cause, had ordered a sale of the property free of the appellants' claim. The District Court entered an order on October 19, 1936, purporting to clear the title, discharge the lis pendens filed by the appellants in the State court, and permanently enjoining the appellants from prosecuting their suit. On March 16, 1937, the appellants filed a petition to vacate and set aside the order. It in substance alleged that they had been fraudulently induced by agents of the bankrupt to convey the entire property to them for a consideration in stock and a parol agreement for the reconveyance of a portion of the property, that the agents had conveyed the entire premises to the bankrupt for an increased consideration, and that these matters had been set up in a bill of complaint filed in the State court in 1933. The petition also alleged that the appellants had at all times been in actual and open possession of the property. To this petition the Adler Contracting Company answered that it had purchased the property from the trustee. On April 24, 1937, the District Court denied the petition and later allowed appeal.

The allowance of the appeal by the court below was proper under section 24a of the Bankruptcy Act, 11 U.S.C.A. § 47(a). Harrison v. Chamberlin, supra. The question raised by it is one of jurisdiction. The overruled petition asserts a meritorious claim adverse to the trustee by one in possession of the property and a suit thereon in the State court. There was no preliminary consideration of the substantial character of this claim. If it be substantial there is no jurisdiction in the District Court to determine title to the property in summary proceedings. Appellants have asserted open possession adverse to the trustee. The trustee contends that failure to traverse the allegation of his petition that the property was among assets "coming into the hands of your petitioner" constitutes admission of his possession. Record title was in the bankrupt at the time of adjudication. The allegation of the trustee's petition is consistent with and indicates nothing more than that fact. It is not the equivalent of a clear and sufficient averment that the trustee was in possession of the property. Schumacher v. Beeler, supra, page 370, 55 S.Ct. 230. The permanent injunction incorporated in the assailed order has the effect of definitely determining title to the property as in the trustee by precluding the appellants from pursuing their challenge to it in the State court. If the averment of the appellants that they were in possession adverse to the trustee is based upon a substantial claim, not merely colorable, the court had no jurisdiction to adjudicate title in a summary proceeding, nor in any proceeding, since the parties are not of diverse citizenship and the appellants have not given their consent thereto. Schumacher v. Beeler, supra.

The petition to set aside the order for want of jurisdiction did not come too late. Questions of Federal jurisdiction are for the consideration of the court at any stage of the proceedings, and courts of bankruptcy are always open and without term. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557.

The order clearing the title and permanently enjoining State court pro-

ceedings is set aside. The trustee's petition should be first considered upon the question of the court's jurisdiction to entertain it, with proper findings of fact as to the substantial character of the appellant's claim or lack of it. If the claim be one of substance and not merely colorable, the trustee's petition should be denied. In that event there will be no jurisdiction in the District Court to try the issue of title either in summary proceedings or by plenary suit without appellants' consent under section 23b, 11 U.S.C.A. § 46(b), and the trustee should thereupon be authorized to appear generally and defend against the appellants' bill in the State court suit.

Reversed and cause remanded for further proceedings in conformity herewith.