**PECK v. HOWARD et al.**

No. 10052.

Circuit Court of Appeals, Ninth Circuit.

Oct. 21, 1942.

James P. Clark, of Los Angeles, Cal., for appellant.

Paul Leiter, of Los Angeles, Cal., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

On May 26, 1941, the appellees filed in the United States District Court their petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, seeking a composition or an extension of time to pay debts, and for other relief under said Act. Their petition was approved and referred to the Conciliation Commissioner on the same date.

On November 6, 1941, an application for confirmation was filed. Before confirmation, the appellant filed her petition entitled "Petition of Myrtle D. Peck for Leave to Proceed with the Trial and Determination of an Action Pending Before the Superior Court of Los Angeles County, California", in which it is recited:

That the petitioner is and for many years last past has been the owner and in possession of certain ranch property described, and in addition thereto a certain pipe-line, right-of-way for the same, and the water flowing therethrough running from the described property into the hills a distance of about five miles. That the debtors Frances Howard and Frederick Howard, are the owners and in possession of a described forty acre tract of land adjoining the property of the petitioner. That the right-of-way referred to crosses the land of the

debtors, and that in January, 1939, or soon thereafter the debtors commenced to trespass upon the right-of-way and to appropriate and use water flowing through said pipeline for irrigation purposes, domestic uses, irrigation of trees, watering of a large lawn, and for use in the establishment and carrying on of a poultry and turkey business established by the debtors on said forty acre tract of land, using said water in an extravagant and wasteful manner. That objections and protests were made by the petitioner to the debtors, and although the debtors promised and agreed from time to time to desist taking such water, they did not do so, and that on October 1, 1940, the petitioner commenced an action in the Superior Court of Los Angeles County seeking to enjoin the debtors from such trespass and the appropriation and use of water flowing through the pipeline belonging to the petitioner. That a preliminary injunction was granted by said Superior Court on November 1, 1940, restraining and enjoining the said debtors from the further use of the waters belonging to the petitioner except for household use and a reasonable amount to sprinkle the lawn then established at the house belonging to the debtors. That thereafter the action was set for trial for March 5, 1941, and the trial was commenced, but by agreement of the parties was reset for May 12, 1941. That the trial proceeded for four days and was nearing completion when a stipulation was made in open court on May 15, 1941, for judgment in favor of the petitioner against the debtors, for a permanent injunction, but allowing the debtors a stipulated amount of water for household use only, and the matter was continued to May 26, 1941, to allow for preparation and presentation of a decree based on said stipulation. That the debtors thereafter and shortly prior to May 26, 1941, disavowed the stipulation made in open court and refused to permit the approval of any form of decree based thereon, and that when the cause came on for further hearing on May 26, 1941, the debtors announced that they had that morning filed a petition in bankruptcy under Section 75 of the Bankruptcy Act, and then moved that the cause go off calendar and no further proceedings be had therein. That the State trial judge declined to grant the motion but continued the hearing to June 20, 1941, and that the matter has been continued by stipulation of the parties to November 25, 1941, where it is now [at the time of the filing of the petition in the District Court] set for hearing in the State Superior Court.

The petition prayed that the petitioner be allowed to proceed with the trial of her action in the State Court.

A hearing was had on the petition before the District Court, after which the District Judge made the following order: "It is Hereby Ordered, Adjudged and Decreed that the petitioner Myrtle D. A. Peck be restrained from proceeding further in the state court, and that the composition herein be approved and confirmed, without prejudice to the assertion of the rights set forth in the petition of said Myrtle D. A. Peck, and said petition is referred to the conciliation commissioner herein, with plenary power and with authority to proceed to hear and determine the issues that are presented by said petition, subject to the review by proper proceeding by the Judge of this Court."

The present appeal is from the order just recited.

■ Appellant argues at length that it was error for the District Judge to refer the matter to the conciliation commissioner for determination, contending that the matter must be decided by the Judge himself. We do not consider this portion of appellant's appeal, for the reason that we are of the opinion that the order of reference is interlocutory in character and not appealable. See Seattle Curb Exchange v. Knight, 9 Cir., 46 F.2d 34; In re Federal Photo Engraving Corporation, 2 Cir., 54 F.2d 628; Goldie v. Carr, 9 Cir., 116 F.2d 335.

It is further urged by the appellant, however, that the District Court erred in restraining her further proceedings in the State Court, and it is with this portion of her appeal with which we shall concern ourselves.

■ The law is clear that a bankruptcy court has no jurisdiction to adjudicate in a summary proceeding a controversy over property held adversely to the bankrupt estate unless the adverse claimant consents to such adjudication or the claim is merely colorable. Harrison Trustee v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Beeler v. Schumacher, 6 Cir., 71 F.2d 831, affirmed Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; In re Cadillac Brewing Co., 6 Cir., 102 F.2d 369. Where the claim of the adverse holder is substantial, resort must be had by the trustee to a plenary court.

With these principles in mind, the appellant urges that the following questions were implicit in the Court's ruling, and asks us to determine whether its inferential determination thereon was erroneous: Were the water rights in controversy held by the appellant adversely to the appellees under a claim of right? If so, was her claim of right substantial? Or were the water rights actually in the possession of the appellees?

In this connection, the appellant points out that no testimony was taken by the District Court, and that all it had before it when it made the order above recited was the petition of the appellant seeking leave to prosecute the State court action then in progress.

However, the law is equally clear that a bankruptcy court is not ousted of jurisdiction by the mere assertion of an adverse claim. As pointed out by the Supreme Court in Harrison v. Chamberlin, supra [271 U.S. 191, 46 S.Ct. 468, 70 L.Ed. 897]: "* * * having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding."

In presenting her arguments which we have outlined above, the appellant assumes that the order of the Court above recited was in fact a denial of her petition for leave to proceed in the State Court, and a reference to the conciliation commissioner to determine the merits of the controversy between the parties as to their ownership of the water rights. True, there is in the record some language of the District Judge in open court which might indicate that he contemplated making such an order, but the order which was actually made was that the conciliation commissioner should "proceed to hear and determine the issues that are presented by said petition". The issues presented by the petition were as to the right of the petitioner to proceed in the State court—not as to the merits of the controversy as assumed by the appellant.

In this circumstance, we see no error in the District Court's enjoining the proceedings in the State court to preserve the status quo pending the determination whether or not the District Court had jurisdiction to proceed with an adjudication of the rights of the parties, that is, pending the determination of the substantiality of the petitioner's claim of adverse holding.

As thus understood and interpreted, the order enjoining the petitioner from proceeding in the State court is affirmed.