## In re KNOTT.
## TINNEY v. KATCHER.
### No. 9359.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1943.

Joseph Sanders, of Detroit, Mich., for appellant.

Samuel W. Leib, of Detroit, Mich., for appellee.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

PER CURIAM.

Admiral Seymour Knott was adjudged a bankrupt March 12, 1941. His trustee filed in the proceedings a petition for a turnover order against the appellant Floyd Tinney, in which he alleged the bankrupt was the owner and in possession of a 1940 Chrysler automobile at the date of adjudication but that in October, 1940, he had transferred to appellant Floyd Tinney paper title to the vehicle without consideration and in fraud of his creditors.

Appellant Tinney appeared in the proceedings without filing an answer and without objection to the court's jurisdiction. He introduced proof before the Referee and cross-examined the trustee's witnesses. The Referee found on the facts that appellant claimed title to the automobile adversely to the trustee and that the Bankruptcy Court was without jurisdiction to try the question of title to the car.

The trustee filed a petition for review which the court sustained, and in so doing, found as a fact that the bankrupt's transfer of paper title of the car to appellant Tinney was without consideration and in fraud of creditors. The court further directed appellant to forthwith execute an assignment of the certificate of title to said car to the bankrupt's trustee. Appellant seeks to reverse this order on the ground that it is not justified as a matter of law and that the finding of the court is without substantial support in the evidence.

Appellant's contention that a summary proceeding is improper under the present facts is without merit. If there be any defect on this account, it was waived by appellant's consent without objection to a trial on the merits. Beeler v. Schumacher, 6 Cir., 71 F.2d 831, affirmed 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433. Irrespective of the question of waiver, the Bankruptcy Court had jurisdiction thus to proceed for the reason, as appears from the

evidence, that appellant's claim was so unfounded as to be colorable and thus not entitled to trial in a plenary suit. In re Realty Associates Securities Corporation, 2 Cir., 98 F.2d 722; Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c.

The question presented is wholly one of fact and, after a study of the evidence, we have reached the conclusion that the court's order is substantially supported by the evidence. As no principles of bankruptcy law are involved, we limit ourselves to stating that we find no error in the case as presented by the appellant and, being in accord with the conclusions of the Trial Court, its order is affirmed. In re Kearney, 2 Cir., 116 F.2d 899; In re Samuel Wilde's Sons, 2 Cir., 144 F. 972; Section 67, sub. d(2), of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2).