WHITMAN et al. v. CHICAGO & N. W. RY. CO.

Civil Action No. 2140.

District Court, D. Minnesota, Fourth Division.

Jan. 29, 1947.

Charles F. Noonan and Dorsey, Colman, Barker, Scott & Barber, all of Minneapolis, Minn., for plaintiffs.

Alfred E. Rietz, of St. Paul, Minn., and Nye F. Morehouse and Warren Newcome, both of Chicago, Ill., for defendant.

NORDBYE, District Judge.

Plaintiffs, as co-trustees in bankruptcy of the Wisconsin Central Railway (hereinafter called the Wisconsin Central), commenced this action against defendant in the District Court of Hennepin County, Minnesota, for an alleged breach of a so-called "ore pooling contract" and asked $389,926.62 damages. Defendant promptly removed to this Court upon the grounds of diversity of citizenship between plaintiff trustees, who are residents of Minnesota, and defendant a Wisconsin corporation. Defendant has amended now to also base its removal upon the grounds that a Federal question exists. Plaintiffs now request the Court to remand the case to the State Court because both the defendant and the Wisconsin Central are Wisconsin corporations and because the trustees' citizenship is immaterial to the determination of diversity in this action. Plaintiffs also contend that no Federal question exists.

The so-called ore pooling contract was entered into on March 26, 1934, between the Wisconsin Central and A. E. Wallace, its receiver, and defendant. Other parties not concerned in this controversy also joined. Wallace, a citizen of Minnesota, was subsequently succeeded as receiver by E. A. Whitman. And by this Court's orders of November 17, 1944, and December 30, 1944, E. A. Whitman and Edgar F. Zelle, the plaintiffs herein, were appointed co-trustees in bankruptcy of the Wisconsin Central which, at that time, was in reorganization under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205 and within the jurisdiction of this Court.

Section 46 of 11 U.S.C.A. provides:

"§ 46. Jurisdiction of controversies between receivers and trustees and adverse claimants

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title. As amended May 27, 1926, c. 406, § 8, 44 Stat. 664; June 22, 1938, c. 575, § 1, 52 Stat. 854."

▆▆▆ This provision was enacted by Congress under the bankruptcy powers conferred upon it by the Federal Constitution. And it is a jurisdictional, not a venue, statute. Schumacher v. Beeler, 1934, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433. Although the Federal Courts were once considered to have exclusive jurisdiction over all cases involving bankrupts' estates, this statute intends that State Courts possess jurisdiction over controversies between trustees, as such, and adverse claimants at law and equity, as distinguished from bankruptcy. Bardes v. Hawarden First Nat. Bank, 1899, 178 U.S. 524, 20 S.Ct. 1000, 44 L. Ed. 1175. Consequently, plaintiffs were entirely within their rights to bring their action in State Court. And if the case had remained in State Court, Section 46, sub. b would not have been material, for obviously, a Federal statute does not confer jurisdiction upon a State Court. Section 46 merely does not deny the State Court the right and power to act. It permits it to act upon specific controversies, which Congress could have reserved, but did not reserve, to Federal Courts. So this case was in State Court under State jurisdictional statutes, not by virtue of jurisdiction granted by Section 46. But, on removal, the effect of Section 46, sub. b, becomes material to this Court's jurisdiction.

▆▆▆ Section 71, upon which defendant relies for its removal right, only permits removal of actions upon the ground of diversity of citizenship when they are actions "of which the district courts of the United States are given original jurisdiction." 28 U.S.C.A. § 71. This statute is not an independent statute creating the grounds for jurisdiction. So other statutes must be consulted. Section 46 applies specifically and expressly to actions which, like the instant one, are actions at law and equity, as distinguished from bankruptcy, between the trustee and an adverse claimant. Although Section 41(1) (b) of 28 U.S.C.A. governs diversity of citizenship cases also, it is a general statute not specific like Section 46, sub. b, of 11 U.S.C.A. Consequently Section 46, sub. b, must apply. Section 46, sub. b, requires that the diversity exist between the bankrupt and the adverse party. Since that diversity does not exist here, this Court has no jurisdiction upon the grounds of diversity. Section 46, sub. b, is a jurisdictional, not a venue, statute and therefore governs this Court's power to entertain this action upon a diversity basis. It is well settled that a case of which this Court has no original jurisdiction because of lack of diversity cannot be removed here under 28 U.S.C.A. § 71 upon the ground of diversity. Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264. Consequently, diversity of citizenship cannot be the basis of removal here.

▆▆▆ Section 46, sub. b, also grants this Court jurisdiction over these cases at law and equity, as distinguished from bankruptcy, between the trustee and adverse party, even if the required diversity does not exist, when the action is commenced in Federal Court and the defendant consents to this Court's taking jurisdiction. But the fact that defendant, by the removal proceeding, consents to this Court's exercise of jurisdiction does not aid defendant here. Neither 28 U.S.C.A. § 71 nor any other statute applicable here grants removal purely upon the basis of consent.

And, in any event, the consent involved in Section 46, sub. b is not the element which creates jurisdiction in this Court. This Court possesses jurisdiction by virtue of its bankruptcy powers over the cases brought in this Court by the trustee in which defendant consents to the jurisdiction. The consent of defendant is only a condition precedent to that jurisdiction. Schumacher v. Beeler, 293 U.S. 367, at page 374, 55 S.Ct. 230, 79 L.Ed. 433. No statute applicable here grants removal upon the basis of this Court's bankruptcy powers.

The reason for denying removal under the Court's bankruptcy powers solely upon defendant's consent seems clear. Section 46, sub. b, was enacted to restrict the cases which could be brought in Federal Court at law and in equity as distinguished from bankruptcy, between the trustee and the adverse party. The convenience of, and economy for, the litigants and witnesses was the moving cause of the provision. Bardes v. Hawarden First Nat. Bank, supra. But where the trustee desires to sue in Federal Court, and the adverse party consents, no reason exists for enforcing the restriction, in view of the reason for its existence. Schumacher v. Beeler, supra. So Congress permitted the actions where plaintiff should consent by commencing action in Federal Court and to which defendant consented. However, in cases where removal is contested by the trustee, the agreement which Congress considered necessary is absent. The convenience of, and economy for, the trustee and his witnesses might not be served if the case were removed. The strict requirements of the statute, therefore, must be enforced. Otherwise one statute—the removal statute—could be used to avoid the purpose and intent of another statute—Section 46, sub. b of 11 U.S.C.A.

Although this Court undoubtedly would have had jurisdiction under its bankruptcy powers if the plaintiff trustees had commenced the action originally in this Court, and if defendant had consented to the bringing of the action in this Court, there is no basis which permits removal now upon only the consent which defendant evidences by its attempted removal. To invoke jurisdiction of this Court under its bank-ruptcy powers, both parties must evidence their consent—the plaintiff by instituting the suit and the defendant by its consent thereto. Under the circumstances herein, the plaintiffs have a right to institute and retain their action in a State Court of competent jurisdiction.

■ Defendant urges that the citizenship of the bankrupt should not govern in determining the right of removal because the contract was entered into when the Wisconsin Central was in receivership with A. E. Wallace as receiver in exclusive possession of the ore docks and trackage pooled under the contract, and that these trustees, upon the advent of bankruptcy, succeeded to the right of E. A. Whitman as receiver, who was the successor of Wallace. Defendant's position is that Section 46, sub. b, is not applicable because a right of action never vested in the bankrupt, nor did the bankrupt have any right of recovery thereunder. However, it appears that, when the court authorized the receiver to enter into the ore pooling contract with the defendant, the court required that the Wisconsin Central Railway be made a party to the contract. And it appears that the Wisconsin Central Railway, through its President and Secretary, did sign the contract and became a party thereto. The order appointing the receiver authorized him, among other things, to institute suits in his own name as receiver or in the name of the Railway Company. Certainly, under these circumstances, no doubt can exist that an action to enforce the contract or recover damages for its breach could have been brought in the name of the bankrupt. Furthermore, the rights which these trustees have in and to the contract inured to them as an asset of the bankrupt estate. The contract was a part of the assets of bankruptcy to which they succeeded upon their appointment as trustees. There can be no serious doubt, therefore, that Section 46, sub. b, is applicable to a suit brought by these trustees to recover damages for breach of a contract which devolved to them upon their appointment as trustees of the bankrupt. Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175; Kelley v. Gill, 245 U.S. 116, 38 S.Ct. 38, 62 L.Ed. 185; Stiefel v. 14th

St. & Broadway Realty Corporation, 2 Cir., 48 F.2d 1041; Martin v. Clarke, 7 Cir., 95 F.2d 26.

█ Finally, it may be stated that no Federal question is involved. The controversy does not pertain to the validity, construction or effect of a law of the United States and upon which the rights depend. Such a controversy does not exist merely because the action is brought by a trustee in bankruptcy. Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 536, 20 S.Ct. 1000, 44 L.Ed. 1175; Lovell v. Newman & Son, 227 U.S. 412, 33 S.Ct. 375, 57 L.Ed. 577; Bush v. Elliott, 202 U.S. 477, 26 S.Ct. 668, 50 L.Ed. 1114.

The motion to remand this case to the District Court of Hennepin County is therefore granted. It is so ordered.

An exception is reserved to the defendant. .