**SLENDERELLA SYSTEMS OF BERKELEY, INC.**, Slenderella Systems of Beverly Hills, Inc., Slenderella Systems of California, Inc., Slenderella Systems of Huntington Park, Inc., Slenderella Systems of Lakewood, Inc., Slenderella Systems of Palo Alto, Inc., Slenderella Systems of San Francisco, Inc., Slenderella Systems of Stonestown, Inc., Slenderella Systems of Union Square, Inc., Slenderella Systems of Valley Plaza, Inc., Slenderella Systems of Westchester, Inc., Debtors-in-Possession-Appellants,

v.

**PACIFIC TELEPHONE & TELEGRAPH COMPANY**, Appellee.

Nos. 102-112, Dockets 26385-26395.

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1960.

Decided Jan. 24, 1961.

Sydney Krause, New York City (Joel B. Zweibel, Krause, Hirsch, Gross & Heilpern, New York City, of counsel), for appellants.

William L. Lynch, New York City (Richard Marlin, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from an order of the District Court reversing and vacating an order of the Referee in Bankruptcy in the Southern District of New York. Appellants, eleven debtors-in-possession in the business of operating salons at which slenderizing treatments were given to their patrons, have filed petitions for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. §§ 701–799. In this proceeding, they have petitioned the Referee for an order enjoining the Pacific Telephone and Telegraph Company (referred to as "Telephone Company") from changing the telephone numbers assigned to, and then currently being used by, them or, in the alternative, if new telephone numbers are assigned to the various salons, that an order be made directing the Telephone Company to furnish the new numbers so assigned to persons calling the old numbers.

Each appellant contracted with the Telephone Company for telephone service. The tariffs and rules which regulated the relationship between the Telephone Company and its subscribers were terms of the contracts. Hischemoeller v. National Ice & Cold Storage Co., 1956, 46 Cal.2d 318, 294 P.2d 433. In accordance with regulations,[1] the Telephone Company offered the debtors-in-possession a choice with respect to future telephone service, namely, (1) discontinuance of all telephone service; (2) discontinuance of existing services and the assignment of new services with new telephone numbers, or (3) supersedure to (continuation of) existing services under conditions acceptable to the Telephone Company upon payment of charges outstanding prior to the Chapter XI filing. Certain of the debtors elected the first choice and certain of them chose the second but, in order to avoid the condition of payment of the past-due charges, none elected to supersede to the old telephone service.

The primary question upon this appeal is whether the dispute is appropriate for a summary proceeding or must it be resolved in a plenary suit?

Jurisdiction of the Bankruptcy Court in a Chapter XI proceeding depends upon whether the rights sought to be enforced concern property of the debt-

---

[1] *Rule and Regulation 17(D):*
"The assignment of a number to a subscriber's telephone service will be made at the discretion of the Company. The subscriber has no proprietary right in the number, and the Company may make such reasonable changes in telephone number or central office designation as the requirements of the service may demand."

*Rule and Regulation 11(A)1:*
"Flat rate and message rate exchange service to a particular installation, separately served and billed, may be temporarily or permanently discontinued for the non-payment of a bill for the service rendered * * *."

*Rule and Regulation 23(B):*
"An applicant who otherwise qualifies for the immediate establishment of service under Section A of this rule and regulation may supersede the service of a subscriber discontinuing that service when the applicant is to take service on the premises where that service is being rendered and a written notice to that effect from both the subscriber and applicant is presented to the company and where an arrangement acceptable to the company is made to pay outstanding charges against the service."

or within the meaning of § 311 of the Bankruptcy Act, 11 U.S.C.A. § 711.[2] The power of the Referee to act to facilitate the debtors' reorganizations, the specific issue here presented, depends upon whether the Bankruptcy Court has summary jurisdiction. Bankruptcy Act, § 1(9), 11 U.S.C.A. § 1(9). Although the debtor's undisputed title to property not in his possession would be enough under the language of Section 311 to authorize the court to act summarily, the court does not acquire summary jurisdiction if the property does not belong to the debtor and is not in his possession, or if the title to property not in his possession is disputed by a substantial adverse claim. See In re Adolf Gobel, Inc., 2 Cir., 1936, 80 F.2d 849; In re Journal-News Corp., 2 Cir., 1951, 193 F.2d 492.

The fundamental error of the Referee was in the assumption that the main question before him was "the right of Respondent to dispossess the Debtor-in-Possession of certain telephone numbers which it possessed." Dispossession of the bankrupts' property is not involved because by the specific terms of the contracts and the tariffs, Rules and Regulations as filed with the Public Utilities Commission of the State of California, any property right in any telephone number was expressly denied to the subscriber. Rule and Regulation 17(D), a term of the contracts between debtors and the Telephone Company, provides in clear language that "The Subscriber has no proprietary right in the number." The telephone numbers were thus not property of each debtor such as to give the Bankruptcy Court summary jurisdiction. Furthermore, the debtors were not in possession of the telephone numbers on the date of the filing of the petitions so as to authorize the court to take summary jurisdiction over the controversy in order to protect that possession. See In re Gunder, 7 Cir., 1937, 88 F.2d 284, certiorari denied sub nom. 164 East 72nd Street Corp. v. Gunder, 1937, 301 U.S. 701, 57 S.Ct. 931, 81 L.Ed. 1356. The license to use a specific telephone number does not amount to the possession required as a basis for summary jurisdiction.

Appellants also contend that their contract rights to continued service amount to property within the meaning of Section 311 of the Bankruptcy Act. But if the debtors are to have recourse for a violation of a contract right, it must be by way of a plenary action. Where a substantial issue of law or fact exists as to title, and where the debtor was not in physical possession of the property on the date of filing his petition, the rights under the contract should not be settled in a summary proceeding. See In re Roman, 2 Cir., 1928, 23 F.2d 556; cf. Matter of Wire Corp. of America, D.C.D.N.J. 1955, 131 F.Supp. 586; In re Meiselman, 2 Cir., 1939, 105 F.2d 995, 997. Thus, there being no property of the debtor involved in this controversy, the Bankruptcy Court does not have summary jurisdiction.

Section 2(a) (15) of the Bankruptcy Act [3] and Section 1651 of Title 28, U.S. C.A. [4] do not change this result for those sections only broaden the remedial devices available to the court once it has jurisdiction. They do not give the bankruptcy court the authority to deal with creditors where property of the bankrupt

---

2. Subchapter III—Jurisdiction, Powers, and Duties of the Court.
   "§ 711. Exclusive jurisdiction of debtor and property
   "Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

3. Section 2, sub. a (15) gives the Bankruptcy Court power to:

"make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act."
11 U.S.C.A. § 11, sub. a (15).

4. Section 1651 authorizes the courts to:
"issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651.

is not involved. In re Adolf Gobel, Inc., supra, 80 F.2d at pages 852, 853. The summary jurisdiction of the Bankruptcy Court does not extend to "all litigation between the debtor and third persons." In re Prudence Bonds Corp., 2 Cir., 122 F.2d 258, at page 263; see also Schumacher v. Beeler, 1934, 293 U.S. 367, 374, 55 S.Ct. 230, 79 L.Ed. 433. If appellants have a remedy it is by way of a plenary action and not a summary procedure before the Bankruptcy Court.

Affirmed.