SEYMOUR, Circuit Judge.
This is an appeal by the trustee in bankruptcy from the district court’s ruling that it does not have jurisdiction to entertain a negligence suit by the trustee against Kansas Power and Light Company (KPL). Under the particular facts of this case, we agree that 11 U.S.C. § 46 prevents the trustee from pursuing his plenary action in federal court.
Louis and Sharon Broadhead, formerly doing business as Broadhead’s Family Food Center, I.G.A., filed a petition in bankruptcy on August 2, 1976. Subsequent to the filing, KPL terminated the electrical service to Broadhead’s store, allegedly causing spoilage loss to perishable goods which had been refrigerated.
*1265 On October 19, 1977, the trustee in bankruptcy brought an action in the federal district court in Kansas against KPL and Harry Bauersfeld, an employee of the parent company of IGA who allegedly authorized the cutoff of electricity. The trustee contended that defendants negligently terminated the electrical supply to the food store and negligently failed to obtain prior permission for the cutoff from the federal district court having jurisdiction over the bankruptcy estate. KPL denied liability. Subsequently, the trustee brought Duane Guy, attorney for the Broadheads, into the suit as an additional defendant.
Guy filed a motion to dismiss the action against him for lack of subject matter jurisdiction. The motion was granted. In turn, similar motions were filed by KPL and Bauersfeld, which the district court also granted. The trustee has appealed only as to KPL.
This appeal is governed by the bankruptcy provisions in effect prior to the 1978 Bankruptcy Reform Act.[1] The sole issue is whether the federal district court has subject matter jurisdiction to adjudicate this plenary action by the trustee in bankruptcy.
The broad general jurisdiction of United States district courts when sitting as courts of bankruptcy is prescribed in 11 U.S.C. § 11. In particular, § 11(a)(7) enables bankruptcy courts to “[ejause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided (emphasis added). However, when a trustee brings a plenary suit in a federal district court against an adverse claimant, the provisions of section 23 of the Bankruptcy Act, 11 U.S.C. § 46 are applicable “as herein otherwise provided.” See 2 W. Collier, Collier on Bankruptcy ¶ 23.12.at 589 (14th ed. 1976). Section 46 provides:
“(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.
“(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96,107, and 110 of this title.”
(Emphasis added). Section 46 thus operates as a limitation on the otherwise extensive [lower of the federal courts to determine controversies relating to the estates of bankrupts. 2 Collier, supra ¶ 23.12 at 589, 591-92. See Wymard v. McCloskey & Co., 342 112(1 495, 497-98 (3d Cir.), cert. denied, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965).
The Supreme Court in Schumacher v. Beeler, 293 U.S. 367, 374, 55 S.Ct. 230, 233, 79 L.Ed. 433 (1934), explained the legislative intent behind 11 U.S.C. § 46:
“In enacting § 23 [11 U.S.C. § 46], it was clearly the intent of the Congress that the federal courts should not have the unrestricted jurisdiction of suits between trustees in bankruptcy and adverse claimants which those courts had exercised under the broad provisions of § 2 of the Act of 1867. The purpose was to leave such controversies to be heard and determined for the most part in the state courts, ‘to the greater economy and convenience of litigants and witnesses’.”
Notwithstanding the language of section 46(b), the trustee argues that it is not applicable to the present case because the cause of action here arose after the petition for bankruptcy was filed and relates to property in the possession of the bankruptcy court. The trustee contends that because *1266 the cause of action did not exist prior to bankruptcy, the bankrupt could not have brought the suit himself and the limiting language of section 46 therefore does not apply. This argument is without merit.
The trustee does not dispute that this is a plenary action. Section 46(b) is applicable to all plenary actions. See Schumacher, 293 U.S. at 373, 55 S.Ct. at 233; see generally Tamasha Town & Country Club v. McAlester Construction Finance Corp., 252 F.Supp. 80 (S.D.Cal.1966). The test under section 46(b) for determining whether federal jurisdiction exists is that “[sjuits by ... the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted .... ” There is no distinction drawn for causes of actions that arose before or after a bankruptcy filing. See Stiefel v. 14th St. & Broadway Realty Corp., 48 F.2d 1041, 1043 (2d Cir. 1931). The trustee’s argument in this regard is supported neither by statutory language nor case law. Rather, the subsection directs us to examine whether jurisdiction exists by determining where the bankrupt could have brought the suit if bankruptcy proceedings had not been filed. The Broadheads could not have brought a negligence suit against KPL in federal court because there is no independent basis of federal jurisdiction.
The trustee alternatively contends that jurisdiction is present under section 46 because defendant “consented” to jurisdiction. See 11 U.S.C. § 46(b); Schumacher, 293 U.S. at 377, 55 S.Ct. at 235. A defendant’s “consent” to be sued by the bankruptcy trustee in a federal plenary action need not be express; tacit acquiescence is sufficient “consent” to federal court jurisdiction. See 2 Collier, supra ¶ 23.14 at 602 & n.13. The trustee argues that KPL impliedly consented either by filing a proof of claim in the bankruptcy proceedings, or by failing to object to jurisdiction until after defendant Guy was brought into the suit.
There is no evidence in the record as to the nature of the proof of claim filed by KPL. In its brief on appeal, KPL states that it filed a claim on the bankrupt’s unpaid electric bill. In Redington v. Touche Ross & Co., 612 F.2d 68 (2d Cir. 1979), the court declined to hold that filing of a proof of claim for accounting services constituted consent to the trustee’s suit in federal court for negligence, malpractice, breach of warranty and breach of contract. The court explained:
“11 U.S.C. § 46(b) does allow ‘plenary’ jurisdiction to be conferred by consent of the parties. However, the act of filing a proof of claim is not the kind of submission that courts have accepted in the past as constituting voluntary submission under 11 U.S.C. § 46(b), at least absent a closer nexus than is present here between the Trustee’s claim and the claim filed.”
Id. at 73 (footnote omitted). We agree with this reasoning and conclude that a sufficient nexus has not been shown here to warrant an inference of consent under section 46(b).
The trustee also asserts that KPL consented by litigating on the merits without objecting to jurisdiction until defendant Guy was brought in as a defendant and filed his motion to dismiss, more than a year after the action was filed. See Wyma/v/, 342 F.2d at 497-98. However, the record does not support this contention. KPL immediately contested the trustee’s claim of jurisdiction in its answer to the trustee’s complaint. See Rec., vol. I, at 1, 6. This timely objection to jurisdiction is sufficient to deny tacit consent. See Fed.R. Civ.P. 12(b); Stiefel, 48 F.2d at 1043.
We agree with the district court that federal jurisdiction is not present in this case. The trustee should pursue his negligence action in a state court. See Beeler, 293 U.S. at 374, 55 S.Ct. at 233; 2 Collier, supra ¶ 23.13 at 594.
AFFIRMED.

. The Broadheads’ bankruptcy proceedings and the trustee's suit against defendants commenced prior to the effective date of the Bankruptcy Reform Act of 1978, Pub.L.95-598, 92 Stat. 2549. Thus, the case is governed by former Title 11, United States Code. Id. § 403, 92 Stat. 2682.