**Henry FRIEDMAN, Trustee of Plymouth Bay Packing Co., Inc., Plaintiff-Appellant,**

v.

**Jonathan R. SNELLING et al., Defendants-Appellees.**

No. 75–1156.

United States Court of Appeals, First Circuit.

Argued Nov. 3, 1975.

Decided Dec. 15, 1975.

Morris M. Goldings, Boston, Mass., with whom Mahoney, Hawkes & Goldings, Boston, Mass., and Anne Goldstein were on brief, for appellant.

George C. Caner, Jr., Boston, Mass., with whom Elizabeth Paine and Ropes & Gray, Boston, Mass., were on brief, for Snelling and Burwen, appellees.

William F. Looney, Jr., Boston, Mass., with whom Moulton, Looney & Maazzone, Jacob J. Locke, and Ficksman & Conley, Boston, Mass., were on brief, for Edward I. Perkins, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal is from the district court's order striking plaintiff's claim for jury trial and from its later order and judgment dismissing the complaint, 389 F.Supp. 684 (D.Mass.1975). Instituted by the successor Trustee in Bankruptcy of Plymouth Bay Packing, Inc. ("PB"), the case relates back to a 1964 bankruptcy proceeding which was closed, and the trustee's account allowed, in June 1966, but reopened, on petition of a guarantor, in 1971. Without restating the facts, which are set forth adequately in the district court's memorandum and order, we proceed to the issues raised on appeal, none of which we find meritorious.

Plaintiff objects to the striking of his claim for a jury trial, asserting that this action is a "plenary suit, not a summary proceeding in bankruptcy." Plaintiff likens the case to a "regular, ordinary, civil action," such as a suit to recover a preference or an action for

deceit. However, although this action is perhaps a rare subspecies, we think it must be classified generically as a proceeding in bankruptcy under 28 U.S.C. § 1334,[1] and as such is equitable. *See* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3570, at 471 (1975); *cf. Katchen v. Landy,* 382 U.S. 323, 336, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The relief sought would necessitate upsetting prior orders of the bankruptcy court. Only in the exercise of its jurisdiction to modify those orders through its supervisory or equity powers, *see* 7 Moore, Federal Practice ¶ 60.36, at 602 (2d ed. 1975); *cf.* Fed.R.Civ.P. 60(b), could the district court provide the relief sought; and there is no precedent for a jury trial when making such determinations. Furthermore, were the present proceeding in fact "plenary," we would be hard put to find jurisdiction to entertain it.[2] Section 1334 jurisdiction includes summary proceedings only; plenary proceedings are to be prosecuted by the trustee in those courts where they could have been prosecuted by the bankrupt, as though bankruptcy proceedings had not been instituted, *see* 11 U.S.C. § 46. Apart from § 1334, we can detect no jurisdictional basis here. The action is plainly not within the diversity jurisdiction, for diversity of citizenship does not exist. Nor is any federal question raised. We think the district court correctly granted the motion to strike plaintiff's jury claim.

■ Plaintiff's substantive claims rest on the proposition that defendants were fiduciaries owing duties to PB, and that as their dealings were "challenged," they have the burden of proving their rectitude. *See Pepper v. Litton,* 308 U.S.

295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Plaintiff seems to argue that the court erroneously relieved defendants of that burden by dismissing at the close of plaintiff's evidence and not requiring defendants to put on a defense. That argument, however, mixes trial procedure with the defendants' obligations as fiduciaries. As fiduciaries, they are held to a more exacting standard than nonfiduciaries, and may well, at their peril, have to justify conduct which would be unexceptionable if undertaken by someone else. However, if taking account of that higher standard they are nonetheless satisfied that the evidence against them has left nothing that needs further explanation, they have the same right as any other defendant to forego a defense, hoping that the court will see matters in a similar light.

■ Plaintiff argues that defendants' common positions as fiduciaries of PB, Consolidated Traps, Inc. ("Traps"), a wholly-owned subsidiary of PB, and the Snelling Estate show a conflict of interest calling for an explanation beyond anything the present record affords. However, it is not apparent that the interests of the Snelling Estate, which owned 51% of PB, were at variance with those of the bankrupt estate. The district court found that the interests of the Snelling Estate and PB coincided, and we cannot say the finding is wrong. The one item as to which a conflict in the classic sense did appear—settlement of PB's $84,000 claim against Traps— was the subject of a petition for compromise which, after notice to creditors, was allowed by the bankruptcy court. The district court found no basis to vacate the bankruptcy court's prior confirmation. Traps' financial position, and the

---

1. 28 U.S.C. § 1334 provides:

    "The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy."

2. Underlying plaintiff's argument against summary bankruptcy jurisdiction is the assertion that the assets of the bankrupt are no longer in the trustee's hands. It is true that a bank-

ruptcy court is said to lose control over assets voluntarily surrendered, *see* 2 Collier on Bankruptcy ¶ 23.05, at 493 (14th ed. 1975). But this generalization may not apply when the court's decrees have been called into account for fraud. In any event, we need not decide the outer limits of § 1334 jurisdiction in order to determine the absence of jurisdiction under another heading.

possible right of its own creditors to subordinate PB's claim, would appear to have warranted compromise for a sum of $6,000 below what would have been paid to a trade creditor. We find no clear error in the district court's determinations as to the reasonableness of the compromise.

Besides compromise of the claim against Traps, the principal other way plaintiff contends that the bankrupt estate was defrauded is by excluding Traps and its assets, such as they were, from PB's bankruptcy. Yet the district court held, on the basis of its findings concerning the nature of the two companies, that there would have been no right to have included Traps in PB's bankruptcy. *See Maule Industries v. Gerstel,* 232 F.2d 294, 297 (5th Cir. 1956); *cf. Sampsell v. Imperial Paper Corp.,* 313 U.S. 215, 219, 61 S.Ct. 904, 85 L.Ed. 1293, *rehearing denied,* 313 U.S. 600, 61 S.Ct. 1107, 85 L.Ed. 1552 (1941). *See also In re Fox West Coast Theaters,* 88 F.2d 212, 229 (9th Cir.), *cert. denied,* 301 U.S. 710, 57 S.Ct. 944, 81 L.Ed. 1363 (1937), *rehearing denied,* 302 U.S. 772, 58 S.Ct. 7, 82 L.Ed. 598 (1938); *Metropolitan Holding Co. v. Snyder,* 79 F.2d 263, 266 (8th Cir. 1935). We find no factual or legal error in that conclusion.

On other matters as to which questions were raised, the district court also made detailed findings that are adequately supported in the record. It concluded that defendants did not violate their duties to PB and that the transactions they engaged in were reasonable under the circumstances. Nothing has been brought to our attention showing that the court below committed clear error in its factual determinations or that it applied the law incorrectly. We accordingly affirm its judgment.

*Affirmed, costs for appellee.*