In re JORGES CARPET MILLS,
INC., Debtor.

C. Kenneth STILL, Trustee, Plaintiff,

v.

FIRST BANK OF NEWTON, KANSAS,
Rossville Bank, Defendants.

Bankruptcy No. 1–80–02516.
Adv. No. 1–82–0638.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 31, 1983.

---

**334**

Thomas S. Kale, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for plaintiff, C. Kenneth Still.

Jim Golden, Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, Tenn., Robert C. Foulston and Gary L. Ayers, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendant, First Bank of Newton.

Richard B. Gossett, Thomas, Mann & Gossett, Chattanooga, Tenn., for defendant, Rossville Bank.

RALPH H. KELLEY, Bankruptcy Judge.

The trustee in bankruptcy for Jorges Carpet Mills brought this suit against, among others, the First Bank of Newton, Kansas, to recover from it a preferential or fraudulent transfer in the amount of $400,000.

The bank has filed a motion to dismiss or stay this proceeding or at least to transfer it to the bankruptcy court in Kansas. The bank has made several arguments in support of its motion. More than one of the arguments focuses on the jurisdictional problem resulting from the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 B.C.D. 67, 6 C.B.C.2d 785 (1982).

As a practical matter, it would be unwise for the court to address the bank's other contentions while jurisdiction is still in doubt. Any decision on the other issues might be void for lack of jurisdiction.

In the *Northern* case, the Supreme Court ruled that the bankruptcy courts could not exercise the subject matter jurisdiction given them by 28 U.S.C. § 1471, which was enacted as part of the Bankruptcy Reform Act of 1978. Pub.L. No. 95–598, § 241(a) & §§ 404(a) & 405(b). The Supreme Court's ruling applied to all the jurisdiction of the bankruptcy courts under § 241(a) of the 1978 Act.[1]

If the ruling had taken effect immediately, severe problems were likely to result. The Supreme Court concluded that the best way to deal with the problems that might arise was to delay the effect of its ruling so that Congress would have an opportunity to pass curative legislation. The Supreme Court eventually allowed Congress about six months, but Congress failed to act within that time. The Supreme Court refused to delay the effect of its ruling past December 24, 1982. Thus, on December 25, 1982, the bankruptcy courts apparently ceased to have any jurisdiction in cases under the 1978 Act.

The United States Court of Appeals for the Sixth Judicial Circuit and the United States District Court for this district attempted to avoid a complete collapse by ·enacting an emergency rule that became effective on December 25, 1982. Appendix A. The emergency rule in effect assumes

---

1. 102 S.Ct. 2880, note 40 (plurality opinion) and concurrence by Justices Rehnquist and O'Connor, per Justice Rehnquist as follows:

    I would ... hold so much of the Bankruptcy Act of 1978 as enables a Bankruptcy Court to entertain and decide Northern's lawsuit ... to be violative of Art. III of the ...

    Constitution. *Because I agree with the plurality that this grant of authority is not readily severable from the remaining grant of authority ... under § 241(a) ... I concur in the judgment....* 102 S.Ct. 2882 (emphasis added).

that the district court has the bankruptcy jurisdiction under 28 U.S.C. § 1471 and appoints the bankruptcy judges special masters or "referees" to exercise that jurisdiction, subject to some supervision by the district court.

This court can exercise jurisdiction in this proceeding only if (1) the Supreme Court's ruling in the *Northern* case does not apply even though the ruling has become effective or (2) the emergency rule validly confers jurisdiction.

### (1)

The ruling in *Northern* became effective on December 25, 1982. On that day it became the law of the United States that the bankruptcy courts as bankruptcy courts do not have jurisdiction to do anything in a case pending under the 1978 Act. The argument that the ruling in *Northern* applies only to cases *filed* after December 24, 1982, is unconvincing. But see *Walter E. Heller & Co. v. Matlock Trailer Corp.*, 27 B.R. 318 (Bkrtcy.M.D.Tenn.1983). (*In re Matlock Trailer Corp.*, Bkrtcy.M.D.Tenn., 27 B.R. 318).

Most appellate court decisions are necessarily prospective only. However, when a decision strikes down a lower court's jurisdiction, the problem is whether the lack of jurisdiction should affect all orders previously entered by the lower court, since an order entered without subject matter jurisdiction is generally said to be void. 20 Am.Jur.2d, Courts § 97 (1965). In the *Northern* case, the Supreme Court said that its decision would be prospective only. In other words, the court held that its decision would not affect orders that were already final.

Having concluded that the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) is unconstitutional, we must now determine whether our holding should be applied retroactively *to*

the effective date of the Act. Our decision in *Chevron Oil Co. v. Huson* [404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296] [citation omitted], sets forth three considerations recognized by our precedents as properly bearing upon the issue of retroactivity.... In the present case, all of these considerations militate against retroactive application of our holding today.... We hold, therefore, that our decision today shall apply only prospectively. 102 S.Ct. 2880 (emphasis added).

The effect of the Supreme Court's delay of the effective date of its order in *Northern* was essentially the same as if it did not decide the case until its order became effective. Bankruptcy court orders that became final between the date of the *Northern* decision and the date it took effect were not affected by the lack of jurisdiction because the *Northern* order did not apply retroactively. Cf. *United States v. Security Industrial Bank*, —— U.S. ——, 103 S.Ct. 407, 410, 74 L.Ed.2d 235, note 5 (1982).[2]

Nothing in *Northern* reasonably leads to the conclusion that it affects jurisdiction only in cases and proceedings filed after it took effect. The Supreme Court delayed the effect of *Northern* to preserve jurisdiction not just for cases and proceedings not yet filed but also for cases and proceedings already pending.

The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982. This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the *interim* administration of the bankruptcy laws .... 102 S.Ct. 2880 (emphasis added).

Furthermore, the cases cited by the Supreme Court dealt with the effect of a decision like *Northern* on orders that were final or actions that were taken without challenge before the decision. 102 S.Ct.

**2.** "Appellee ... asserts that the judgments should be affirmed because the Act violates Article III of the Constitution .... See *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, .... Because our decision in *North-*

*ern Pipeline* is prospective only ... and because we have stayed the issuance of our mandate in that case to December 24, 1982 ... that decision does not affect the judgment in this case."

2880, note 9, citing *Insurance Corp. v. Compagnie des Bauxites,* —— U.S. ——, 102 S.Ct. 2099, 2104, note 9, 72 L.Ed.2d 492 (1982); *Buckley v. Valeo,* 424 U.S. 1, 142, 98 S.Ct. 612, 692, 46 L.Ed.2d 659 (1976); *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 376–371, 60 S.Ct. 317, 319–320, 84 L.Ed. 329 (1940).

The Supreme Court was obviously concerned with protecting *orders* that were already final and with temporarily continuing the bankruptcy court's jurisdiction to enter *orders.* Indeed, jurisdiction is the power to make orders that will be legally binding not only on the persons affected but also on other courts.

██ This court must conclude that beginning on December 25, 1982, the bankruptcy courts as bankruptcy courts ceased to have jurisdiction to make any orders in cases or proceedings pending under the 1978 Act.

(2)

The next question is whether the emergency rule validly gave the bankruptcy judge the power to exercise the jurisdiction of the district court in bankruptcy cases. There are serious questions as to whether the district court has any bankruptcy jurisdiction.

The provisions of the 1978 Act that provided for a new bankruptcy court system were not to be effective until April 1, 1984. Pub.L. No. 95–598, §§ 201 & 402 (1978). In the "transition period" from October 1, 1979 through March 31, 1984, the "courts of bankruptcy" that existed under the prior bankruptcy statutes were continued as separate departments of the district court. Pub.L. No. 95–598, § 404(a) Bankruptcy Act of 1898, §§ 1(10) & 2a, 11 U.S.C. §§ 1 & 11 (1976); discussed in *In re Rivers,* 19 B.R. 438, 455–458, 8 B.C.D. 1212, 1223–1224, 6 C.B.C.2d 210, 233–235 (Bkrtcy.E.D.Tenn. 1982); see also 1 Collier on Bankruptcy ¶ 2.01[d] (15th ed. 1982). The courts of bankruptcy under the Bankruptcy Act of 1898 were the federal district courts.

Though the new court structure was officially delayed until April, 1984, the courts of bankruptcy continued during the transition period were given the same jurisdiction that the new courts were to have. Pub.L. No. 95–598, §§ 241 & 405(b). It was this jurisdiction that the Supreme Court struck down in *Northern.* Specifically, the court struck down jurisdiction under 28 U.S.C. § 1471, which provides:

(a) Except as provided in subsection (b) . . . the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

The quoted statute vests jurisdiction in the district courts, but provides that the bankruptcy courts will exercise it to the exclusion of the district courts. In *Northern* the Supreme Court could have struck down the limitation on district court action either completely or to the extent the bankruptcy courts could not constitutionally exercise jurisdiction. The Supreme Court specifically refused to take this course because it was contrary to Congress's intent to deny the district courts trial jurisdiction in bank-

ruptcy cases under the 1978 Act. Footnote 40 of the plurality opinion explains:

It is clear that, at the least, the new bankruptcy judges cannot constitutionally be vested with jurisdiction to decide this state-law contract claim against Marathon. As part of a comprehensive restructuring of the bankruptcy laws, Congress has vested jurisdiction over this and all matters related to cases under title 11 in a single non-Art. III court, and has done so pursuant to a single statutory grant of jurisdiction. In these circumstances we cannot conclude that if Congress were aware that the grant of jurisdiction could not constitutionally encompass this and similar claims, it would simply remove the jurisdiction of the bankruptcy court over these matters, leaving the jurisdictional provision and adjudicatory structure intact with respect to other types of claims, and thus subject to Art. III constitutional challenge on a claim-by-claim basis. Indeed, we note that one of the express purposes of the Act was to ensure adjudication of all claims in a single forum and to avoid the delay and expense of jurisdictional disputes. [Citations omitted] *Nor can we assume, as THE CHIEF JUSTICE suggests ... that Congress' choice would be to have this case "routed to the United States district court of which the bankruptcy court is an adjunct." We think that it is for Congress to determine the proper manner of restructuring the Bankruptcy Act of 1978 to conform to the requirements of Art. III, in a way that will best effectuate the legislative purpose.* 102 S.Ct. 2880 (emphasis added).

Justices Rehnquist and O'Connor concurred in this result.

■ The argument has been made that the Supreme Court's decision in *Northern* did not affect the jurisdiction given to the district courts in subsections (a) and (b) of § 1471. *Braniff Airways, Inc. v. Civil Aeronautics Board*, 27 B.R. 231 (D.C.N.D. Tex., 1983) (*In re Braniff Airways, Inc.*, Bkcy. No. 4–82–00369). The argument depends on reading § 1471 as giving jurisdiction to the district courts. In *Northern* the

Supreme Court recognized that § 1471 *denies* the district courts jurisdiction and held that Congress, rather than the courts, should decide whether to give the district courts bankruptcy jurisdiction. The argument that *Northern* left the district courts with jurisdiction under § 1471(a) & (b) must be rejected.

The question remains whether the district court has jurisdiction under any other statute. The statute that has been especially relied on is 28 U.S.C. § 1334, which provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy.

This statute was in effect for many years while the Bankruptcy Act of 1898 was in effect, even though the Bankruptcy Act itself contained statutes granting jurisdiction to the district courts. 11 U.S.C. §§ 1 & 11 (1976). In light of those statutes, 28 U.S.C. § 1334 was apparently unnecessary. The court has not found any explanation for its existence. It may have been enacted for the purpose of making title 28 comprehensive as to the jurisdiction of the federal courts.

In any event, 28 U.S.C. § 1334 was not explicitly repealed by the 1978 Act, and the amended version, to deal only with appeals from the bankruptcy courts, was not to be effective until the end of the transition period. Pub.L. No. 95–598, §§ 238, 402 & 405. The result is that unamended 28 U.S.C. § 1334 may be in effect, and it has not been held unconstitutional.

There are problems with holding that § 1334 gives the district courts jurisdiction in bankruptcy cases under the 1978 Act. Though the bankruptcy courts were continued as separate departments of the "courts of bankruptcy" under the 1898 Act, which were the district courts, this continuation was basically irrelevant to the jurisdiction of the bankruptcy courts in cases under the 1978 Act. As to cases under the 1978 Act, the bankruptcy courts were given jurisdic-

tion under 28 U.S.C. § 1471 *to the exclusion of the district courts.* This leads to two arguments—first, that 28 U.S.C. § 1334 remains in effect only to preserve jurisdiction in cases pending under the 1898 Act, and second, that it would be contrary to Congress's intent and inconsistent with the Supreme Court's decision in *Northern* to hold that the district courts have jurisdiction under § 1334 of cases under the 1978 Act.

The latter argument focuses on Congress's intent in the 1978 Act to deny the district courts jurisdiction in bankruptcy and the Supreme Court's refusal in *Northern* to allow the district courts jurisdiction. On the other hand, Congress surely intended that some federal court have bankruptcy jurisdiction. In the absence of any federal court jurisdiction, there will apparently be no court with jurisdiction to accept the filing of cases or administer cases filed under the 1978 Act.

In the *Braniff* case, cited above, Judge Mahon concluded that § 1334 did give the district courts jurisdiction of cases under the 1978 Act:

It may be argued that Congress, in writing the new version of 28 U.S.C. § 1334 . . . intended that the old § 1334 would apply only to cases filed before October 1, 1979.

However, if the new grant of original and exclusive jurisdiction in 28 U.S.C. § 1471—which was meant to repeal and replace the old § 1334 for cases filed after October 1, 1979—is unconstitutional and no longer valid, the court must now read the bankruptcy laws as if the new § 1471 had not been written. See *Frost v. Corporation Commission of Oklahoma,* 278 U.S. 515, 526–527 [49 S.Ct. 235, 239–240, 73 L.Ed. 483] (1929); *Davis v. Wallace,* 257 U.S. 478, 485 [42 S.Ct. 164, 166, 66 L.Ed. 325] (1922). In so doing, the court finds that old § 1334 places the original and exclusive jurisdiction over bankruptcy matters and proceedings in the district court.

Section 1334 was recognized as giving the bankruptcy courts only so-called "summary" jurisdiction in cases under the 1898 Act. Wright, Miller & Cooper, Federal Practice & Procedure § 3570 (1975). Adopting § 1334 for cases under the 1978 Act would revive the problem of split bankruptcy jurisdiction that the unconstitutional provisions of the 1978 Act were intended to cure. Since Congress has failed to cure the constitutional defect, the courts may find it necessary to return to the former inefficient system.[3] There appears to be no other way to preserve a remnant of federal court jurisdiction and thereby prevent great injustice to thousands of debtors and creditors.

■ The court, however, need not go so far as to hold that the district court has bankruptcy jurisdiction under 28 U.S.C. § 1334 in cases under the 1978 Act. Assuming it does, the question arises whether this action is within that jurisdiction.

Section 1334 was not changed by the 1978 Act, until 1984. It must be interpreted as it would be in cases under the 1898 Act. In this action the trustee seeks to recover from the bank a money judgment for $400,000 on the ground that a $400,000 payment to the bank shortly before the bankruptcy was a preferential transfer. Thus, this is not an action involving property in the court's constructive possession. Under the 1898 Act, this action would be classified as a controversy at law or in equity between a trustee and an adverse claimant and not involving property in the court's constructive possession. Such an action is not within the district court's summary jurisdiction under § 1334. Compare *Flanders v. Coleman,* 250 U.S. 223, 39 S.Ct. 472, 63 L.Ed. 948, 43 A.B.R. 563 (1919) and *Bardes v. Hawarden Bank,* 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175, 4 A.B.R. 163 (1900). See also *Schumacher v. Beeler,* 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934). See generally 2 Collier on Bankruptcy ¶ 23.04, 23.06[9] & 23.15 (14th ed.). The result is that the district court could not have jurisdiction of this action under 28 U.S.C. § 1334. The parties

---

**3.** The Supreme Court's refusal in *Northern* to restructure jurisdiction under the unconstitutional statute does not necessarily preclude the finding of jurisdiction under another statute.

have not argued that the district court would have jurisdiction without regard to the bankruptcy. Accordingly, this action must be dismissed.

In light of the court's conclusion that the district court lacks jurisdiction, there is no need to consider the legality of the emergency rule. Assuming the rule is valid, it can only confer bankruptcy jurisdiction which the district court has, and in this action it has no bankruptcy jurisdiction.

The court has decided only that it lacks jurisdiction of this particular complaint. An order will be entered accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

## APPENDIX A

## JUDICIAL COUNCIL OF THE SIXTH CIRCUIT

### ORDER

Acting pursuant to the authority vested in the Judicial Council by 28 U.S.C. § 322(d), the Judicial Council of the Sixth Circuit concludes that the uniform effective and expeditious administration of justice within this Circuit requires that the attached rule for the administration of the bankruptcy system in this Circuit be adopted by the District Courts of this Circuit pursuant to 11 U.S.C. § 105.

It therefore is ordered that each District Court of this Circuit adopt the attached rule to become effective December 25, 1982 if the Congress fails to enact remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construction Co. vs. Marathon Pipe Line Co.*, ─── U.S. ───, 102 S.Ct. 2858 [73 L.Ed.2d 598] (1982), and if the Supreme Court fails to extend the stay of its mandate in that case.

    For the Council:
    /s/ George Edwards
    George Edwards, Chief Judge
    Sixth Circuit

Date:     December 21 1982

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

### IN RE: RULE FOR THE ADMINISTRATION OF THE BANKRUPTCY COURT

#### (a) Emergency Resolution

The purpose of this rule is to supplement existing law and rules in respect to the authority of the bankruptcy judges of this district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, ─── U.S. ───, 102 S.Ct. 2858 [73 L.Ed.2d 598] (1982), or until March 31, 1984, whichever first occurs.

The judge of this district court finds that exceptional circumstances exist. These circumstances include: (1) the unanticipated unconstitutionality of the grant of power to bankruptcy judges in section 241(a) of Public Law 95–598; (2) the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the district courts' assuming the existing bankruptcy caseload on short notice.

Therefore, the orderly conduct of the business of the court requires this referral of bankruptcy cases to the bankruptcy judges.

#### (b) Filing of Bankruptcy Papers

The bankruptcy court constituted by § 404 of Public Law 95–598 shall continue to be known as the United States Bankruptcy Court of this district. The Clerk of the Bankruptcy Court is hereby designated to maintain all files in bankruptcy cases and adversary proceedings. All papers in cases or proceedings arising under or related to Title 11 shall be filed with the Clerk of the Bankruptcy Court regardless of whether the case or proceeding is before a bankruptcy judge or a judge of the district court, except that a judgment by the district judge shall be filed in accordance with Rule 921 of the Bankruptcy Rules.

(c) Reference to Bankruptcy Judges

(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

(2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court's usual system for assigning civil cases.

(3) Referred cases and proceedings may be transferred in whole or in part between bankruptcy judges within the district without approval of a district judge.

(d) Powers of Bankruptcy Judges

(1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct:

(A) a proceeding to enjoin a court;

(B) a proceeding to punish a criminal contempt—

(i) not committed in the bankruptcy judge's actual presence; or

(ii) warranting a punishment of imprisonment;

(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge; or

(D) jury trials.

Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge.

(2) Except as provided in (d)(3), orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the bankruptcy judge or a district judge.

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

(e) District Court Review

(1) A notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order. As modified by sections (e) 2A and B of this rule, the procedures set forth in Part VIII of the Bankruptcy Rules

apply to appeals of bankruptcy judges' judgments and orders and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges. Modification by the district judge or the bankruptcy judge of time for appeal is governed by Rule 802 of the Bankruptcy Rules.

(2)(A) A district judge shall review:

(i) an order or judgment entered under paragraph (d)(2) if a timely notice of appeal has been filed or if a timely application for leave to appeal has been granted;

(ii) an order or judgment entered under paragraph (d)(2) if the bankruptcy judge certifies that circumstances require that the order or judgment be approved by a district judge, whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed; and

(iii) a proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed.

(B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in while or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

(3) When the bankruptcy judge certifies that circumstances require immediate review by a district judge of any matter subject to review under paragraph (d)(2), the district judge shall review the matter and enter an order or judgment as soon as possible.

(4) It shall be the burden of the parties to raise the issue of whether any proceeding is a related proceeding prior to the time of the entry of the order of judgment of the district judge after review.

(f) Local Rules

In proceedings before a bankruptcy judge, the local rules of the bankruptcy court shall apply. In proceedings before a judge of the district court, the local rules of the district court shall apply.

(g) Bankruptcy Rules and Title IV of Public Law 95–598

Courts of bankruptcy and procedure in bankruptcy shall continue to be governed by Title IV of Public Law 95–598 as amended and by the bankruptcy rules prescribed by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075 and limited by SEC. 405(d) of the Act, to the extent that such Title and Rules are not inconsistent with the holding of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858 [73 L.Ed.2d 598] (1982).

(h) Effective Date and Pending Cases

This rule shall become effective December 25, 1982, and shall apply to all bankruptcy cases and proceedings not governed by the Bankruptcy Act of 1898 as amended, and filed on or after October 1, 1979. Any bankruptcy matters pending before a bankruptcy judge on December 25, 1982 shall be deemed referred to that judge.

/s/ Robert L. Taylor
Chief United States District Judge