**OTERO MILLS, INC., Plaintiff,**

v.

**SECURITY BANK & TRUST, Defendant.**

Misc. 83–94(M).

No. 82–373–M Civil.

United States District Court, D. New Mexico.

Feb. 28, 1983.

See also Bkrtcy., 25 B.R. 1018.

Jennie Deden Behles, Albuquerque, N.M., for plaintiff.

Gail Gottlieb, Norman S. Thayer, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

MECHEM, Senior District Judge.

This matter comes on for consideration on certification for immediate review of an order entered in bankruptcy court, pursuant to D.N.M. Rule 31(d)(3). Having considered the order, and argument and briefs of counsel, I find that the order must be vacated and that this matter be again referred to the bankruptcy court for its consideration.

On July 1, 1982, Security Bank & Trust (Bank) was permanently enjoined by the bankruptcy court from collecting on its state court judgment against Charles J. Dugan, President and majority stockholder of the debtor corporation, Otero Mills, Inc. (Otero Mills). The injunction was affirmed on appeal to the United States District Court. *Otero Mills, Inc. v. Security Bank & Trust,* 25 B.R. 1018 (D.C.D.N.M.1982). Upon expiration of the stay of the Supreme Court judgment in *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Bank moved for dissolution of the injunction on the grounds that the bankruptcy court had no jurisdiction and that circumstances had changed. The bankruptcy court concluded that neither it nor this court has jurisdiction over this matter, and that the injunction must therefore be dissolved. Its order dissolving the injunction was stayed pending review.

There is no doubt that the holding of the plurality in *Northern Pipeline,* supra, was that "the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) [28 U.S.C. § 1471] is unconstitutional ...". 102 S.Ct. at 2880. In response to that decision, the Judicial Council of the Tenth Circuit, pursuant to 28 U.S.C. § 332, promulgated rules governing the procedures for handling bankruptcy cases and related matters. These rules were adopted by the Council on September 30, 1982, effective October 4, 1982. Pursuant to the provisions of those rules, this court amended its D.N.M. Rule 31 to provide for reference of bankruptcy cases to bankruptcy judges and the review procedures by district judges. The bankruptcy court, in its opinion filed here on February 18, 1983, concluded that district courts have no jurisdiction over bankruptcy and related matters, and thus D.N.M. Rule 31 is ineffective in conveying to the bankruptcy judges authority to act in bankruptcy cases and related proceedings.

This precise issue was recently addressed by the United States District Court for the District of Utah in *Color Craft Press, Ltd. v. Nationwide Shopper Systems, Inc.,* 27 B.R. 962 (D.C.D.Utah, 1983). In vacating the bankruptcy judges' orders of dismissal for lack of subject matter jurisdiction, that court determined that the jurisdictional grant to the district courts in 28 U.S.C. § 1471(a) and (b) is valid. *Id.,* at

964. Subsection (b) of § 1471 confers on the district courts original jurisdiction "of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." In *Color Craft,* Judge Jenkins recognized and rejected the argument of the bankruptcy opinions that § 1471 is non-severable and thus was entirely stricken as unconstitutional by the *Northern Pipeline* decision. Judge Jenkins found the argument analytically unsound in that the bankruptcy opinions read *Northern Pipeline* too broadly. I agree.

As noted above, the *Northern Pipeline* plurality found unconstitutional the § 1471 grant of jurisdiction *to the bankruptcy courts.* The distinction drawn by the Court was that of an Article I court's power to hear those matters arising under Title 11 from the power to hear matters related to cases under Title 11. 102 S.Ct. at 2880 n. 40. The difference is jurisdiction to adjudicate legislatively created public rights and jurisdiction over private, state-law claims as those at issue in *Northern Pipeline.* Fearful of constitutional challenges on a claim-by-claim basis, it was these two grants of authority to the bankruptcy courts, contained in 28 U.S.C. § 1471(c), that the *Northern Pipeline* plurality refused to sever. 102 S.Ct. at 2882, (Rhenquist, J. concurring opinion).

Having determined that district courts have jurisdiction over bankruptcy and "related to" matters as conferred by § 1471(a) and (b), I find that D.N.M. Rule 31 properly conveys to the bankruptcy judges of this district authority to act in all cases arising under Title 11 and in all civil proceedings arising in or related to cases under Title 11. As my conclusion is based on the jurisdictional grant of § 1471, I need not reach the jurisdictional issue of 28 U.S.C. § 1334 and its intended replacement, Pub.L. No. 95–598, Section 238, 92 Stat. 2668 (1978). Nevertheless, I do note that § 1334 also grants jurisdiction to the district courts over bankruptcy matters. It provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy.

Section 238 of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2668 (1978) amends § 1334 by granting district courts "jurisdiction of appeals from all final judgments, orders and decrees of bankruptcy courts." While the amendment is not effective until April 1, 1984, *id.,* 402(b), its provisions are made applicable during the transition period by § 405(c)(2). Though, in view of *Northern Pipeline,* § 405 may now be meaningless, I find that its grant of appellate jurisdiction to the district courts over matters referred to the bankruptcy judges during the transition period is not inconsistent with the grant of original jurisdiction to the district courts found in § 241 (28 U.S.C. § 1471) and 28 U.S.C. § 1334. Similarly, I find the district court review provisions of D.N.M. Rule 31 not inconsistent with the reference to the bankruptcy judges as provided in Section (b)(1) of that Rule.

Finally, the Bank argues that the bankruptcy court impliedly denied its motion to dissolve the injunction on the ground that "circumstances no longer warrant its continuation" because the court reached the constitutional issues, having gone beyond the merits. However, jurisdictional questions are of primary consideration. *First State Bank v. Sand Springs State Bank,* 528 F.2d 350, 353 (10th Cir.1976). Having determined that jurisdiction exists, I refer the case to the bankruptcy court for its consideration of the movant's remaining arguments.