In re JORGES CARPET MILLS,
INC., Debtor.

C. Kenneth STILL, Trustee, Plaintiff,

v.

FIRST BANK OF NEWTON, KANSAS,
Rossville Bank, and Walker County
Bank, Defendants.

Bankruptcy No. 1–80–02516.

Adv. No. 1–82–0638.

United States Bankruptcy Court,
E.D. Tennessee.

April 6, 1983.

See also, Bkrtcy., 27 B.R. 333.

Thomas S. Kale, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for plaintiff, C. Kenneth Still.

Jim Golden, Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, Tenn., Robert C. Foulston and Gary L. Ayers, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendant, First Bank of Newton.

Richard B. Gossett, Thomas, Mann & Gossett, Chattanooga, Tenn., for defendant, Rossville Bank.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The court is again faced with the question of jurisdiction under the emergency rule entered by the district court after the Supreme Court's decision in the *Northern Pipeline* case became effective. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 B.C.D. 67, 6 C.B.C.2d 785 (1982).

Both defendants made motions to dismiss for lack of jurisdiction based on the *Northern* decision. The court ruled in favor of First Bank of Newton's motion but has not ruled on Rossville Bank's motion. The plaintiff has also made a motion to reconsider the decision as to First Bank of Newton. This memorandum will deal with Rossville Bank's motion to dismiss and the plaintiff's motion to reconsider.

Section 1471 of Title 28, U.S.C., was enacted as part of the Bankruptcy Reform Act of 1978. Section 1471 was the jurisdictional statute for cases under the Bankruptcy Code, which was also part of the 1978 Act. Subsections (a) and (b) of § 1471 vested jurisdiction in the district courts, but subsection (c) provided that the bankruptcy courts would exercise the jurisdiction.

In *Northern,* the Supreme Court held that the bankruptcy court could not constitutionally exercise jurisdiction over Northern's suit against Marathon. A plurality, not a majority, concluded that the entire jurisdictional statute was unconstitutional. Thus, the court did not hold that all of the jurisdiction given to the bankruptcy courts was unconstitutional.

Nevertheless, a majority of the Supreme Court held that the bankruptcy courts could not exercise any of the jurisdiction given them by § 1471. The Supreme Court concluded that only Congress could cure the constitutional defect consistently with its

other intentions as to the extent of jurisdiction and what court should exercise it. To allow the courts to determine what jurisdiction existed in what court would allow them to remake themselves without regard to what Congress intended. 102 S.Ct. 2880, note 40, § 2882.

This reasoning also explains why the Supreme Court, by a majority of the justices, refused to send the suit to the district court. The constitutional defect did not exist as to the district court's "jurisdiction" under § 1471(a) & (b). Furthermore, the bankruptcy court was technically an adjunct or a separate department of the district court. Why, then, didn't the Supreme Court send the suit to the district court as the Chief Justice specifically suggested in his dissent? Obviously, a majority of the Supreme Court decided that the district court could not exercise jurisdiction under § 1471(b).

Despite this aspect of *Northern,* some courts have reached the conclusion that the district courts do have jurisdiction under § 1471. This conclusion rests mainly on the proposition that *Northern* dealt only with the bankruptcy court's jurisdiction. Of course, the constitutional question only concerned the jurisdiction of the bankruptcy court, but the Supreme Court denied the district court jurisdiction on other grounds, as explained above.

It should also be noted that *Northern* was before the Supreme Court on an appeal from the district court's *dismissal* of the suit. The district court itself denied that it had jurisdiction under § 1471(b). The district judge concluded that § 1471(a) & (b) did not give the district courts jurisdiction but merely created a facade behind which the bankruptcy courts exercised jurisdiction. *Marathon Pipeline Co. v. Northern Pipeline Construction Co.,* 12 B.R. 946, 948 (D.C.D.Minn.1981). The Supreme Court's affirmance of this decision recognized that the district courts do not have jurisdiction under § 1471. See *Williamson v. General Finance Co.,* 28 B.R. 276 (Bkrtcy.M.D.Ga. 1983).

Finally, the district courts' assumption of broad jurisdiction under § 1471 may create serious practical problems. Allowing the district courts to exercise broad but very questionable jurisdiction under § 1471 will leave many of their decisions open to challenge, when the matters might have been decided by other courts with less questionable jurisdiction. Letting other courts decide will cause delays now, but it will prevent uncertainty and other delays in the future.

Nevertheless, the Sixth Circuit Court of Appeals has followed the reasoning that the *Northern* decision did not affect the district court's "jurisdiction" under 28 U.S.C. § 1471(a) & (b). *White Motor Corporation v. Citibank, N.A.,* 704 F.2d 254 (6th Cir. 1983). The Court of Appeals further concluded that the emergency rule is a valid exercise of the district court's power. See also *Braniff Airways, Inc. v. Civil Aeronautics Board,* 27 B.R. 231, 10 B.C.D. 30 (U.S.D.C.N.D.Tex.1983) aff'd 700 F.2d 214 (5th Cir.1983); *Walter E. Heller & Company Southeast, Inc. v. Matlock Trailer Corp.,* 27 B.R. 318 (D.C.M.D.Tenn.1983) rev'g, 27 B.R. 311, 10 B.C.D. 34 (Bkrtcy.M. D.Tenn.1983); *Color Craft Press, Ltd. v. Nationwide Shopper Systems, Inc.,* 27 B.R. 962 (D.C.D.Utah 1983) rev'g, 27 B.R. 392, 10 B.C.D. 53 (Bkrtcy.D.Utah 1983). This court is bound by the Sixth Circuit's decision and will enter an order vacating the dismissal as to First Bank of Newton and denying Rossville Bank's motion to dismiss.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.