In re ROMEO J. ROY, INC., Debtor.

ROMEO J. ROY, INC., and Modern Plumbing & Heating, Inc., Plaintiffs,

v.

NORTHERN NATIONAL BANK, Defendant, Counterclaim Plaintiff and Counterclaim Defendant,

v.

JIM ROY PLUMBING & HEATING PRODUCTS, INC., Counterclaim Defendant and Counterclaim Plaintiff,

L. James Roy, and Jacqueline Roy, Counterclaim Defendants.

Bankruptcy No. 183–00034.
Adv. No. 183–0037.

United States Bankruptcy Court, D. Maine.

Aug. 8, 1983.

Stephen Morrell, Thomas Brown, Eaton, Peabody, Bradford & Veague, Bangor, Me., for plaintiffs.

Michael Haenn, Mitchell & Stearns, Bangor, Me., for creditors' committee.

Gerald F. Petruccelli, Petruccelli, Cohen, Erler & Cox, Portland, Me., for Northern Nat. Bank.

Thomas Brown, Stephen Morrell, Eaton, Peabody, Bradford & Veague, Bangor, Me., for Jim Roy Plumbing.

James Robinson, Logan, Kurr, Hamilton & Robinson, Bangor, Me., for L. James Roy and Jacqueline Roy.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The plaintiffs filed on May 3, 1983 a complaint against Northern National Bank (hereafter "Bank") alleging tortious interference with the debtor's business operations. The Bank counterclaimed against the debtor and other parties seeking a judgment upon certain notes, replevin of collateral and/or specific performance of the terms of certain security agreements.

On July 1, 1983, the Bank filed a motion to dismiss for lack of subject matter jurisdiction. At the hearing on its motion, the Bank relied upon this Court's recent memorandum of decision in *In re South Portland Shipyard and Marine Railways Corp.,* 31 B.R. 770 (Bankr.D.Me.1983). The Bank also argued that, unlike the proceeding at issue in *South Portland Shipyard,* this proceeding is a "related matter" as defined in Rule 41 of the Local Rules of the District Court for the District of Maine (hereafter "Local Rules"). Therefore, the Bank contends, there is an even stronger case for dismissal here than was present in *South Portland Shipyard.*

■ At issue in *South Portland Shipyard* was the determination of the validity of certain proofs of equity interest filed in the bankruptcy cases. In considering whether the district court had jurisdiction over that proceeding, this Court examined 28 U.S.C. § 1334, which states:

The district courts shall have original jurisdiction, exclusive of the courts of the

States, of all matters and proceedings in bankruptcy.

The Court concluded that section 1334 was implicitly repealed by the enactment of the Bankruptcy Reform Act of 1978. *South Portland Shipyard,* 31 B.R. at 775–776. While reaffirming that holding, the Court finds that even if section 1334 were held to continue to be in full force and effect, it would not give the district court jurisdiction over the adversary proceeding here at issue.

Under the repealed Bankruptcy Act,

[t]he broad general jurisdiction of United States district courts when sitting as courts of bankruptcy is prescribed in 11 U.S.C. § 11. In particular, § 11(a)(7) enables bankruptcy courts to "[c]ause the estates of bankrupts to be collected, reduced to money, and distributed, *and determine controversies in relation thereto, except as herein otherwise provided....*" (emphasis added). However, when a trustee brings a plenary suit in a federal district court against an adverse claimant, the provisions of section 23 of the Bankruptcy Act, 11 U.S.C. § 46 are applicable "as herein otherwise provided." *See* 2 W. Collier, *Collier on Bankruptcy* ¶ 23.12 at 589 (14th ed. 1976). Section 46 provides:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts *where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant,* except as provided in sections 96, 107, and 110 of this title."

(Emphasis added). Section 46 thus operates as a limitation on the otherwise extensive power of the federal courts to determine controversies relating to the estates of bankrupts. 2 Collier, *supra* ¶ 23.12 at 589, 591–92. *See Wymard v. McCloskey & Co.,* 342 F.2d 495, 497–98 (3d Cir.), cert. denied, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965).

The Supreme Court in *Schumacher v. Beeler,* 293 U.S. 367, 374, 55 S.Ct. 230, 233, 79 L.Ed. 433 (1934), explained the legislative intent behind 11 U.S.C. § 46:

"In enacting § 23 [11 U.S.C. § 46], it was clearly the intent of the Congress that the federal courts should not have . the unrestricted jurisdiction of suits between trustees in bankruptcy and adverse claimants which those courts had exercised under the broad provisions of § 2 of the Act of 1867. The purpose was to leave such controversies to be heard and determined for the most part in the state courts, 'to the greater economy and convenience of litigants and witnesses'."

*Broadhead v. Kansas Power and Light Co.,* 671 F.2d 1264, 1265 (10th Cir.1982). As the Sixth Circuit has noted, bankruptcy proceedings are "less formal and more expeditious than a full trial in a district court. Proceedings in bankruptcy are summary, rather than plenary, in nature." *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 910 (6th Cir.1982) (citation omitted); *see* 2 *Collier on Bankruptcy,* ¶ 23.02 (14th ed. 1976). And as the First Circuit has stated:

Section 1334 [of Title 28 U.S.C.] jurisdiction includes summary proceedings only; plenary proceedings are to be prosecuted by the trustee in those courts where they could have been prosecuted by the bankrupt, as though bankruptcy proceedings had not been instituted. . . .

*Friedman v. Snelling,* 526 F.2d 1346, 1348 (1st Cir.1975); *see* 1 *Moore's Manual Federal Practice and Procedure* § 5.05 (1982). This result is consistent with *Schumacher.* If section 1334, which grants district courts jurisdiction *exclusive* of state courts, gave

the district court jurisdiction in plenary proceedings, then Congress' intent in enacting 11 U.S.C. § 46 to leave the determination of such controversies for the most part in the state courts would have been completely frustrated. *Cf. In re Johnson County Gas Co., Inc.,* 30 B.R. 690, 699 (Bkrtcy.E.D.Ky. 1983).

Section 1334 was first enacted in 1911 as part of a general compilation of all the powers of federal courts. *In re Wildman,* 10 B.C.D. 668, 682 n. 3, 30 B.R. 133 (Bkrtcy. N.D.Ill.1983). Section 23 of the Bankruptcy Act (11 U.S.C. § 46) was enacted in 1898. If section 1334, which appears to be an *unconditional* grant of *exclusive* jurisdiction to district courts, was intended to apply to plenary proceedings, then the earlier-enacted limitation upon the district court's bankruptcy jurisdiction in section 23 of the Act would have been repealed. Yet, section 23 was held to be in effect long after 1911. *See, e.g., Schumacher v. Beeler,* 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934). This Court concludes that, assuming section 1334 does grant jurisdiction to the district courts after enactment of the new Bankruptcy Code, that jurisdiction is limited to "matters and proceedings in bankruptcy," *i.e.,* matters which are summary proceedings only. *See In re Wildman,* 10 B.C.D. at 683, 30 B.R. 133; *Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.),* 10 B.C.D. 89, 90 (Bankr.D.N.M.) *reversed and remanded* 28 B.R. 386 (D.N.M.1983) (dicta).

■ Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940). The bankruptcy court may have constructive possession of a chose in action in some circumstances, but where the actual existence of a chose in action is subject to substantial dispute, the bankruptcy court lacks summary jurisdiction. *See Willyerd v. Buildex Co.,* 463 F.2d 996, 999–1000 (6th Cir.1972). For example, contested negligence claims brought by the trustee have been held to be plenary proceedings. *See*

Sayre v. United States, 282 F.Supp. 175, 181 (N.D.Ohio 1967); see also Broadhead v. Kansas Power and Light Co., 671 F.2d 1264, 1266 (10th Cir.1982); cf. Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.), 668 F.2d 905, 910–11 (6th Cir.1982) (contested breach of contract suit is plenary proceeding). Therefore, even if section 1334 survived the enactment of the new Bankruptcy Code, the district court under section 1334 would have no more jurisdiction today then it had prior to the enactment of the Code. Because the instant case could not have been brought in either the bankruptcy court or the district court prior to enactment of the Code, it cannot be brought in the district court under section 1334 today.[1] See, e.g., In re Seven Springs Apartments, 10 B.C.D. 634, 653–54 (Bkrtcy.N.D.Ga.1983) (section 1334 was construed to confer summary, not plenary, jurisdiction on district courts); In re Wildman, 10 B.C.D. 668, 683, 30 B.R. 133 (Bkrtcy.N.D.Ill.1983) (section 1334 at best would confer jurisdiction limited to administration of cases and controversies concerning property within possession of the court); Color Craft Press, Ltd. v. Nationwide Shopper Systems, Inc. (In re Color Craft Press, Ltd.), 27 B.R. 392, 395–96 n. 2, 10 B.C.D. 53, 55 n. 2 (Bkrtcy.D. Utah) vacated 27 B.R. 962, 10 B.C.D. 182 (D. Utah 1983) (section 1334 conferred no more than summary jurisdiction); Still v. First Bank of Newton, Kansas (In re Jorges Carpet Mills, Inc.), 27 B.R. 333, 338, 10 B.C.D. 1, 4, vacated upon reconsideration 28 B.R. 616, 10 B.C.D. 547 (Bkrtcy.E.D.Tenn.1983) (summary jurisdiction only).[2]

Assuming, however, that the district court does have jurisdiction over this adversary proceeding, the Court further finds, for the reasons stated in South Portland Shipyard and below, that Local Rule 41 is invalid.

On April 25, 1983, the Supreme Court submitted to the United States Congress proposed rules of bankruptcy procedure adopted by the Supreme Court pursuant to 28 U.S.C. § 2075. These rules became effective on August 1, 1983, superseding the Bankruptcy Rules previously in effect. Bankruptcy Rule 8018 authorizes bankruptcy appellate panels and district courts to make and amend rules governing practice and procedure for appeals from bankruptcy courts "not inconsistent with rules of this Part VIII." Bankruptcy Rule 8013 provides that on an appeal the district court shall not set aside a bankruptcy court's findings of fact unless clearly erroneous.[3] Thus, Local Rule 41, which provides (1) that on appeal the district court need give no deference to the findings of the bankruptcy judge; and

---

1. The enactment of the new Bankruptcy Code was an attempt by Congress to expand the jurisdiction of bankruptcy courts and dispose of the cumbersome distinctions of summary and plenary jurisdiction. Those jurisdictional distinctions were superseded by a new jurisdictional concept under the Code of "arising in" and "related to" bankruptcy cases. The Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), held the attempt to grant broader jurisdiction to bankruptcy courts unconstitutional. Nevertheless, Rule 41 perpetuates the distinction between related proceedings and those either arising under the Bankruptcy Code or arising in cases under the Code. To the extent the district court's jurisdiction is based upon section 1334, Rule 41 purports to delegate to the bankruptcy courts jurisdiction which the district court never had under § 1334.

2. While several appellate courts have upheld district court jurisdiction on the basis of section 1334, see, e.g., Braniff Airways, Inc. v. Civil Aeronautics Board (In re Braniff Airways, Inc.), 700 F.2d 214 (5th Cir.1983); White Motor Corp. v. Citibank, N.A., 704 F.2d 254 (6th Cir. 1983); First National Bank of Tekamah, Nebraska v. Hansen (In re Hansen), 702 F.2d 728 (8th Cir.1983), none appear to have considered the limited scope of section 1334 jurisdiction. See In re Seven Springs Apartments, 10 B.C.D. at 654 ("Unfortunately, no Article III court decision citing former § 1334 as authority for District Court bankruptcy jurisdiction has yet recognized the distinction between the limited jurisdiction of former § 1334 and the broader grant under § 1471(a) and (b) and the resulting effect on the exercise of jurisdiction under the Local Rule.")

3. While the district court is empowered to suspend most of the provisions of Part VIII for good cause, Bankruptcy Rule 8013 may not be so suspended. See Bankruptcy Rule 8019.

(2) that in reviewing a proposed order or judgment in a related proceeding, the district court need give no deference to the findings of the bankruptcy judge, is clearly inconsistent with the new Bankruptcy Rules. (In its decision upholding the emergency rule, the Sixth Circuit relied upon the district court's power to hear *de novo* any matter before the bankruptcy judge as a factor in satisfying the Supreme Court's concern that Article III courts adjudicate bankruptcy cases. *See White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir. 1983)).

Bankruptcy Rule 9031 states: "Rule 53 F.R.Civ.P. does not apply in cases under the Code." The Advisory Committee Note explains that this rule "precludes the appointment of masters in cases and proceedings *under the Code.*" (Emphasis added). It would appear that Local Rule 41, which in effect refers all bankruptcy cases to two bankruptcy "masters", *i.e.,* the two bankruptcy judges in the District of Maine, is inconsistent with Bankruptcy Rule 9031's intent that no proceeding under the Bankruptcy Code be heard by a master.

While it might be argued that the new Bankruptcy Rules do not apply to the district courts, the rules themselves indicate otherwise. Rule 1001 provides that the new rules govern procedure in the "United States Bankruptcy Courts." That term is defined in Rule 9001 to include the courts of bankruptcy as defined in section 1(10) of the repealed Bankruptcy Act. Section 1(10) of the Act defines "courts of bankruptcy" to include the United States district courts. Thus, the district courts "in cases under chapters 7, 9, 11 and 13 of title 11 of the United States Code" would appear to be governed by the Bankruptcy Rules. *See* Rule 1001.

The Court entered its order granting the motion to dismiss on August 4, 1983. The Court stayed the effect of that order, and certified it to the district court for immediate review. *See* Local Rule 41(e)(2), (e)(3); *In re South Portland Shipyard,* 31 B.R. at 779 n. 14.